# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JESS LILES, JAY FUNDERBURK,
KEVIN BENNETT, GERRY WALTON,
KERRY WILLIAMS, ROY SAVALA,
GREGG ALLMAN, MIKE HINOJOS,
GENE BOLTON, TODD LORD,
DEBBIE SEIFTS, and SAUL RASCON,

       Plaintiffs,

vs.                                                                 No. CIV-06-00854 JB/CEG

WASHINGTON TRU SOLUTIONS, LLC,
WESTINGHOUSE GOVERNMENT ENVIRONMENTAL
SERVICES CO., LLC and UNITED STEEL,
PAPER AND FORESTRY, RUBBER, MANUFACTURING,
ENERGY, ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION, AFL-CIO;
IT'S LOCAL 12-9477; PAPER, ALLIED INDUSTRIAL
CHEMICAL & ENERGY WORKERS INTERNATIONAL
UNION AFL-CIO; AND ITS LOCAL 4-9477,

       Defendants.

## MEMORANDUM OPINION[1]

    **THIS MATTER** comes before the Court on Defendants Washington Tru Solutions, LLC

and Westinghouse Government Environmental Services Co., LLC's Motion to Compel Discovery,

filed January 16, 2007 (Doc. 16)("Motion"). The Court held a hearing on the motion on February

23, 2007. The primary issue is whether the Court should, pursuant to rule 37 of the Federal Rules

of Civil Procedure, order Plaintiffs Jess Liles, Jay Funderburk, Kevin Bennett, Gerry Walton, Kerry

Williams, Roy Savala, Gregg Allman, Mike Hinojos, Gene Bolton, Todd Lord, Debbie Seifts, and

---

[1] In its March 27, 2007 Order, the Court included a footnote indicating that it would issue a Memorandum Opinion at a later date more fully explaining and detailing the Court's rationale for its Order disposing of the motion at issue. This Memorandum Opinion is the opinion the Court promised.

Paul Rascon to respond to discovery requests.  Consistent with the Court's ruling at the time of the hearing and in its March 27, 2007 Order, see Hearing Transcript at 4:14-5:1 (Court)(taken February 23, 2007)("Transcript"),[2] Order at 1-2, filed March 27, 2007 (Doc. 25)("March 27 Order"),  for the reasons given at the hearing and in the Order, see Transcript at 4:14-5:1, March 27 Order at 1-2, because the Court believes that open and broad discovery advances the purposes of litigation, and because the Court does not yet believe that sanctions for hindering discovery are warranted, the Court will grant the motion in part and deny it in part.

## PROCEDURAL BACKGROUND

Defendants Washington Tru Solutions, LLC ("WTS") and Westinghouse Government Environmental Services Co., LLC ("WGES") served individual Requests for Production upon each of the twelve Plaintiffs.  See Certificate of Service, filed October 30, 2006 (Doc. 13); Certificate of Service, filed November 2, 2006 (Doc. 14).  Each Request for Production identified eleven categories of documents, and required the appropriate Plaintiff to produce any and all documents in those categories.  See Motion, Exhibit 1, Defendants Washington Tru Solutions, LLC and Westinghouse Governmental Environmental Services Co., LLC's Requests for Production of Documents at 1-3 ("Requests for Production").

In their Motion to Compel Discovery, WTS and WGES submit that, pursuant to rules 6(e) and 34(b) of the Federal Rules of Civil Procedure, Liles was required to serve written responses no later than December 4, 2006 and all other Plaintiffs were required to serve responses no later than December 3, 2006.  See Motion at 2; Fed. R. Civ. P. 34(b)("The party upon whom the request is served shall serve a written response within 30 days after the service of the request.").  Counsel for

---

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

WTS and WGES represent that, on December 7, 2006, they contacted the Plaintiffs' counsel's office to check on the status of the discovery responses and that an assistant to the Plaintiffs' counsel promised them that the discovery responses would be completed and mailed by December 15, 2006. See id. at 2.  Counsel for WTS and WGES acknowledge that they agreed to extend the deadline until December 15, 2006.  See id.

The Requests for Production were not returned on December 15, 2006.  On December 22, 2006, counsel for WTS and WGES sent, by facsimile transmission, a letter to the Plaintiffs' counsel regarding the discovery responses.  See Motion, Exhibit 2, Letter from Duane C. Gilkey to James W. Klipstine, Jr. (dated December 22, 2006).  Counsel for the Plaintiffs did not respond.  On December 27, 2006, WTS' and WGES' counsel sent an e-mail to the Plaintiffs' counsel notifying him that they had still not received discovery responses.  See Motion, Exhibit 3, E-mail from Duane C. Gilkey to James W. Klipstine, Jr. (dated December 27, 2006).  Again, the Plaintiffs' counsel did not respond.

Counsel for WTS and WGES represent that, in addition to this correspondence, they made several telephone calls to the office of the Plaintiffs' counsel.  See Motion at 2-3.  On January 5, 2007, WTS' and WGES' counsel assert that an assistant to the Plaintiffs' counsel returned one of their telephone calls, and informed them that discovery responses would be sent soon and could be expected no later than January 12, 2007.  See id.  Counsel for WTS and WGES represent that, on January 12, 2007, they again called the office of the Plaintiffs' counsel, and were informed that the responses would be sent immediately via e-mail and regular mail.  See id. at 3.

On January 16, 2007, WTS and WGES filed this motion moving the Court to compel the Plaintiffs to respond to discovery requests.  See Doc. 16.  At the time WTS and WGES filed their Motion to Compel, they had not received any responses to their Requests for Production.  See

Motion at 3.  WTS and WGES move the Court, pursuant to rule 37 of the Federal Rules of Civil Procedure, to compel the Plaintiffs to respond to discovery requests.  See id.

The Plaintiffs have not filed a response to the Motion to Compel.  A response to the motion was due on February 2, 2007.  See D.N.M. LR-Civ. 7.6 ("A response must be served within fourteen (14) calender days after service of the motion.").  The Plaintiffs filed a Certificate of Service, certifying that they had mailed answers to the Requests for Production on January 25, 2007.  See Certificate of Service, filed January 29, 2007 (Doc. 17).

Counsel for WTS and WGES assert that, after several days without receiving the documents, they requested more information from the Plaintiffs' counsel.  See Defendants Washington Tru Solutions, LLC and Westinghouse Government Environmental Services Co., LLC's Reply in Support of Their Motion to Compel Discovery at 2, filed February 9, 2007 (Doc. 18)("Reply").  An assistant to the Plaintiffs' counsel stated that the documents might have been mailed on January 26, 2007 rather than on January 25, 2007.  See id.  On January 31, 2007, WTS and WGES' counsel sent a letter to the counsel for the Plaintiffs, by facsimile transmission, informing him that they had not received the documents.  See id., Exhibit 1, Letter from Justin E. Poore to James W. Klipstine, Jr. at 1 (dated January 31, 2007).

The Plaintiffs' counsel did not respond to the Defendants' January 31, 2007 letter.  See id. at 2.  The Plaintiffs delivered, however, a package of documents to WTS and WGES on February 5, 2007.  See id.  WTS and WGES contend that the documents are "unlabeled, uncategorized, and otherwise deficient documents."  Id. at 2.

WTS and WGES represent that, with respect to the documents delivered on February 5, 2007, they are unable to determine what documents correspond to which Plaintiffs and to which document category specified in the Requests for Production.  See id. at 3.  WTS and WGES also

-4-

state that it is apparent that the Plaintiffs did not respond to many of the categories of requested documents, but that they have no way of determining if the requested documents do not exist or were not produced.  See id.

Upon receiving the package of documents on February 5, 2007, counsel for WTS and WGES immediately notified the Plaintiffs' counsel that the response to the Requests for Production was deficient.  See id., Exhibit 3, Letter from Duane C. Gilkey to James W. Klipstine, Jr. at 1-2 (dated February 5, 2007).  The Plaintiffs' counsel has not responded to that letter.  See id. at 3-4.

On February 9, 2007, WTS and WGES filed a Notice of Completion of Briefing Regarding Defendants Washington Tru Solutions, LLC and Westinghouse Government Environmental Services Co., LLC's Motion to Compel Discovery, see Doc. 19, providing notice that briefing regarding their Motion to Compel is complete and that the issue is ready to be decided.

The Court held a hearing on WTS' and WGES' Motion to Compel on February 23, 2007. The Plaintiffs' counsel did not attend the hearing.  See Clerks Minutes at 1, filed February 23, 2007 (Doc. 21).

## LAW REGARDING DISCOVERY

Rule 34(b) states, in relevant part:

The party upon whom the request is served shall serve a written response within 30 days after the service of the request. . . .  The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to . . . .

A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

Fed. R. Civ. P. 36(b).  Local civil rule 26.1(b) requires that "[t]he party answering, responding or objecting to a discovery request must either set forth the answer, response or objection in the space

provided or quote fully each interrogatory or request before any answer response or objection."
D.N.M.LR-Civ. 26.1(b).

Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure authorizes a party to "move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request" if another party, "in response to a request submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested . . . ."  Fed. R. Civ. P. 37(a)(2)(B).  Rule 37(a)(4)(A) authorizes the imposition of sanctions when a motion to compel discovery is granted.  "As a general rule, the imposition of sanctions for an abuse of discovery under Fed. R. Civ. P. 37 is a matter within the discretion of the trial court."  Stranger v. Checker Auto Parts, No. CV 05-632, 2006 WL 1304948, at *12 (D.N.M. 2006)(Browning, J.)(quoting Coletti v. Cudd Pressure Control, 165 F.3d 767, 777 (10th Cir. 1999)).  "Bad faith . . . is not required for a district court to sanction a party for discovery abuses."  Stranger v. Checker Auto Parts, 2006 WL 1304948, at *12 (quoting Melendez v. Illinois Bell Tel. Co., 79 F.3d 661, 671 (7th Cir. 1996)).

## ANALYSIS

Consistent with the Court's ruling at the time of the hearing and in its previous Order, for the reasons given at the hearing and in the Order, because the Court believes that open and broad discovery advances the purposes of litigation, and because the Court does not yet believe that sanctions for hindering discovery are warranted, the Court will grant the motion in part and deny it in part.  The Plaintiffs have not properly responded to the Defendants' Requests for Production. The Plaintiffs need to produce a written response for each Plaintiff that states, with precision, what documents the Plaintiff is producing for each category of document requested.

I.     THE COURT COULD DEEM THE PLAINTIFFS TO HAVE CONSENTED TO THIS
       MOTION.

       "A response must be served within (14) calender days after service of the motion."

D.N.M.LR-Civ. 7.6 (a).  "The failure of a party to file and serve a response in opposition to a motion

within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ.

7.1(b).  The Plaintiffs did not file a response to the Motion to Compel within the time allotted for

doing so.  As such, pursuant to the local civil rules, the Court could deem the Plaintiffs' failure to

file a response in a timely manner consent to grant the motion and grant the motion.  The Court,

however, preferring to consider substantive grounds, will address the Motion to Compel on the

merits.

II.    THE PLAINTIFFS HAVE NOT PROPERLY RESPONDED TO THE REQUESTS
       FOR PRODUCTION, AND THE COURT WILL ORDER THEM TO DO SO.

       The Plaintiffs provided documents purportedly responding to WTS and WGES' Requests

for Production late.  Moreover, WTS and WGES contend that the documents that the Plaintiffs did

deliver were "unlabeled, uncategorized, and otherwise deficient."   Reply at 2.  WTS and WGES

assert that the unsorted manner in which the documents were presented also prevents them from

determining what documents correspond to which plaintiff or category.  See id. at 3.  Further, WTS

and WGES submit that, while the documents were provided in a unorganized fashion, it is apparent

that the Plaintiffs did not respond to several request categories or responded to them incompletely.

See id.

       Because the Plaintiffs have not given the Court any reason to doubt the contentions of WTS

and WGES, the Court will accept them as true.  The Court thus finds, on the record before it, that

the Plaintiffs have effectively failed to permit inspection as requested.  See Requests for Production;

Fed. R. Civ. P. 34(b).  The Motion to Compel that WTS and WGES made pursuant to rule

37(a)(2)(B), therefore, remains valid.

WTS and WGES have made a good-faith attempt to obtain the information requested without court action.  <u>See</u> Motion, Exhibit 2, Exhibit 3; Reply Exhibit 1, Exhibit 3.  The Plaintiffs, however, have still not responded appropriately to WTS' and WGES' discovery requests.  There not appearing to be any justification for the Plaintiffs' insufficient response to the Requests for Production of WTS and WGES, the Court will order the Plaintiffs, pursuant to rule 37(a)(2)(B), to provide proper -- organized, labeled, and complete -- responses to the Requests for Production.

## III.    THE COURT WILL ORDER THE PLAINTIFFS TO PAY THE ATTORNEY'S FEES AND COSTS THE DEFENDANTS INCURRED IN BRINGING THIS MOTION.

Under rule 37(a)(4)(A), if a motion to compel is granted, "the court shall . . . require the party . . . whose conduct necessitated the motion . . . to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees," unless the court finds that the moving party did not make a good-faith effort to obtain the requested disclosure without court action, the non-responding party's non-disclosure was "substantially justified," or "other circumstances" would make such an award "unjust."   Fed. R. Civ. P. 37(a)(4)(A).  Having determined above that WTS and WGES made a good-faith effort to acquire the discovery requested and noting that the Court has not been supplied with any reason to believe that the Plaintiffs' unresponsiveness is substantially justified or that other circumstances would make requiring the Plaintiffs to reimburse WTS' and WGES' costs in bringing this motion unjust, the Court will order the Plaintiff's to pay the expenses and costs, including attorney's fees, that WTS and WGES incurred in filing their Motion to Compel.  The Court does not believe, on the record before it, that the more drastic sanctions rule 37(b)(2) authorizes are warranted at this stage of the proceedings. The Court will thus decline to impose any sanctions under rule 37(b)(2).

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

James W. Klipstine, Jr.
Klipstine, Bowlin & Honigmann, LLC
Hobbs, New Mexico

    *Attorneys for the Plaintiffs*

Duane C. Gilkey
Justin E. Poore
Gilkey & Stephenson, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Washington Tru Solutions,*
      *LLC and Westinghouse Government Environmental*
      *Services Co., LLC*

Shane C. Youtz
Lisa Y. Schatz-Vance
Youtz & Valdez
Albuquerque, New Mexico

    *Attorneys for Defendants United Steel, Paper and*
      *Forestry, Rubber, Manufacturing, Energy, Allied*
      *Industrial and Service Workers International Union,*
      *AFL-CIO; Its Local 12-9477; Paper, Allied Industrial*
      *Chemical & Energy Workers International Union*
      *AFL-CIO; and Its Local 4-9477*