IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESS LILES, JAY FUNDERBURK,
KEVIN BENNETT, GERRY WALTON,
KERRY WILLIAMS, ROY SAVALA,
GREGG ALLMAN, MIKE HINOJOS,
GENE BOLTON, TODD LORD,
DEBBIE SEIFTS and SAUL RASCON,

       Plaintiff,

vs.                                                                                         No. CIV 06-854 JB/CEG

WASHINGTON TRU SOLUTIONS, LLC.,
WESTINGHOUSE GOVERNMENT ENVIRONMENTAL
SERVICES CO., LLC. and UNITED STEEL,
PAPER AND FORESTRY, RUBBER, MANUFACTURING,
ENERGY, ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION, AFL-CIO;
IT'S LOCAL 12-9477; PAPER, ALLIED INDUSTRIAL
CHEMICAL & ENERGY WORKERS INTERNATIONAL
UNION AFL-CIO; AND ITS LOCAL 4-9477,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Plaintiffs' Motion for Extension of Time to File Response to Motion, filed May 31, 2007 (Doc. 39).  The primary issue is whether the Court should allow the Plaintiffs to file a response to the motion for summary judgment after the time for doing so has passed.  Because the Plaintiffs have not explained why their motion is untimely or provided sufficient factual details justifying their need for leave to file a response out of time, the Court will deny the Plaintiffs' motion without prejudice to the Plaintiffs' ability to file another request that provides more detail about why they were unable to file this motion and a response within the time allotted for doing so.

## PROCEDURAL BACKGROUND

The Defendants filed their Joint Motion for Summary Judgement on April 30, 2007. See Doc. 31. The Plaintiffs' counsel attended the telephonic status conference held before the Honorable Carmen Garza, United States Magistrate Judge, on May 8, 2007, where, citing the Defendants' pending dispositive motion, he requested that the Court postpone the settlement conference scheduled for May 10, 2007. See Clerk's Minutes at 1, filed May 8, 2007 (Doc. 33).

Pursuant to local civil rule 7.6(a) of the United States District Court for the District of New Mexico and rule 6(e) of the Federal Rules of Civil Procedure, the deadline for the Plaintiffs' response was May 17, 2007. See D.N.M.LR-Civ. 7.6(a)("A response must be served within fourteen (14) calender days after service of the motion."); Fed. R. Civ. P. 6(e)("Whenever a party must . . . act within a prescribed period after service . . . , 3 days are added after the prescribed period would otherwise expire . . . ."). The Defendants filed a Notice of Completion of Briefing with regard to the joint summary judgment motion on May 23, 2007. See Doc. 36.

On May 31, 2007, the Plaintiffs filed this motion, requesting an un-enumerated extension of time and citing their attorney's "family and medical emergencies." Motion at 1. The Plaintiffs filed their motion for extension fourteen days after the response deadline and thirty-one days after the Defendants filed their joint summary judgment motion. See Doc. 39. The Plaintiffs' counsel contacted the Defendants' counsel, and the Defendants oppose this motion. See Motion at 1-2.

The Plaintiffs move the Court for an extension of time in which to file a response to the joint summary judgment motion. Because the time for filing an extension is overdue, the Plaintiffs are, in effect, asking for leave to file a response to the joint summary judgment motion. The Court has set a hearing on the Defendants' Joint Motion for Summary Judgment and on other motions for June 14, 2007. See Minute Order, filed May 30, 2007 (Doc. 38).

**LAW REGARDING MOTION BRIEFING AND EXTENSIONS OF TIME**

In accordance with Local rule 7.6(a), unless an extension is agreed to or granted, a party has fourteen days from the day it is served a motion in which to file a response. See D.N.M.LR-Civ. 7.6(a). Local rule 7.6(a) provides that the time period for filing a response to a motion may be extended by agreement of the parties or upon separate motion to the court within the applicable fourteen day period. See id.; Kane v. Christian Bros. of Coll. of Santa Fe Cmty., No. CV 06-682, 2006 WL 4079684, at **3, 8 (D.N.M.)(Browning, J.)(stating that local rule 7.6(a) requires that a party file a response or seek an extension of the time in which to do so within fourteen days of being served with a motion); Smith v. Ford Motor Co., 626 F.2d 784, 796 (10th Cir. 1980)("[L]ocal rules of practice, as adopted by the district court, have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in appropriate manner.")(internal quotations omitted).

Rule 6(b) of the Federal Rules of Civil Procedure states, in relevant part:

> When . . . an act is required . . . to be done . . . within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

Fed. R. Civ. P. 6(b). In determining whether a movant has shown excusable neglect, a court should consider the circumstances, including: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith. See Schupper v. Edie, 193 Fed. Appx. 744, 746 (10th Cir. 2006)(citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)(stating factors in the context of Bankruptcy Rule 9006(b)); Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1494 (10th

Cir.1995)(applying the <u>Pioneer</u> Court's excusable neglect factors in the rule 6(b) context)).

## **ANALYSIS**

The Court will deny the Plaintiffs' motion for an extension of time in which to file a response to the Defendants' Joint Motion for Summary Judgment. Even if the Court overlooks the Plaintiffs' failure to comply with the local rule regarding the timeliness of a motion for an extension of time, a request for an extension of time made after the relevant deadline requires the movant to establish "excusable neglect." Fed. R. Civ. P. 6(b). The explanation contained within the Plaintiffs' motion does not establish excusable neglect. It may well be that counsel's family and medical emergencies can constitute excusable neglect, but for the Court merely to accept the Plaintiffs' naked assertion and grant an extension would be to make the granting of such motions practically automatic and, in effect, an abdication of judicial responsibility. The Plaintiffs' motion provides too little information for the Court to apply the factors used to determine whether neglect is excusable in a meaningful or informed fashion. <u>See</u> <u>Schupper v. Edie</u>, 193 Fed. Appx. at 746. Thus, while the Plaintiffs' motion for extension of time to file a response to the motion for summary judgment is untimely, the insurmountable problem, on the present record, is that the Plaintiffs have presented insufficient factual circumstances to justify their request.

The Court will deny the Plaintiffs' motion, but without prejudice to them submitting a new motion that details why the family and medical emergencies kept their counsel from filing a response. The Court prefers that the Plaintiffs submit an affidavit describing, in as much detail as possible, why they could not file this motion and the response within the time prescribed for doing so. The Court should be able to look at the chronology and the details contained in any new motion and affidavit, and understand, with precision, why the neglect is excusable.

**IT IS ORDERED** that the Plaintiffs' Motion for Extension of Time to File Response to

Motion is denied without prejudice to the Plaintiffs' ability to submit a new motion, with an accompanying affidavit, detailing why the neglect is excusable and why the Court should grant an extension.

                                                                                                _____
                                                         UNITED STATES DISTRICT JUDGE

*Counsel*:

James W. Klipstine, Jr.
Julie L. Zembas
Klipstine, Bowlin & Honigmann LLC
Hobbs, New Mexico

    *Attorneys for the Plaintiffs*

Duane Gilkey
Carol Dominguez Shay
Justin Poore
Gilkey & Stephenson, PA
Albuquerque, New Mexico

    *Attorneys for Defendants Washington TRU Solutions,*
      *LLC and Westinghouse Government Environmental*
      *Services Co., LLC*

Shane C. Youtz
Lisa Y. Shatz-Vance
Youtz & Valdez, PC
Albuquerque, New Mexico

    *Attorneys for Defendants United Steel, Paper and Forestry,*
      *Rubber, Manufacturing, Energy, Allied Industrial and*
      *Service Workers International Union, AFL-CIO; Its Local*
      *12-9477; Paper, Allied Industrial, Chemical & Energy Workers*
      *International Union, AFL-CIO; and Its Local 4-9477*