IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESS LILES, JAY FUNDERBURK,
KEVIN BENNETT, GERRY WALTON,
KERRY WILLIAMS, ROY SAVALA,
GREGG ALLMAN, MIKE HINOJOS,
GENE BOLTON, TODD LORD,
DEBBIE SIEFTS, and SAUL RASCON,

       Plaintiffs,

vs.                                                              No. CIV-06-854 JB/CEG

WASHINGTON TRU SOLUTIONS, LLC.,
WESTINGHOUSE GOVERNMENT ENVIRONMENTAL
SERVICES CO., LLC. and UNITED STEEL,
PAPER AND FORESTRY, RUBBER, MANUFACTURING,
ENERGY, ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION, AFL-CIO;
IT'S LOCAL 12-9477; PAPER, ALLIED INDUSTRIAL
CHEMICAL & ENERGY WORKERS INTERNATIONAL
UNION AFL-CIO; AND ITS LOCAL 4-9477,

       Defendants.

### MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** comes before the Court on Plaintiff Mike Hinojos' Motion for Protective

Order, filed April 3, 2007 (Doc. 26)("Motion"). The primary issue is whether the Court should grant

Hinojos a protective order, precluding the Defendants from taking his deposition on the scheduled

date, because of his desire to attend an out-of-state wedding. While the reasons Hinojos states

might, under some circumstances, justify a protective order, given that the deposition was set up at

the convenience of the Plaintiffs and the wedding plans were made in advance of the deposition

---

[1] The Court originally filed this Memorandum Opinion and Order on June 13, 2007 absent a signature. This amended filing remedies that error. In all other respects, this Memorandum Opinion and Order is identical to the Memorandum Opinion and Order filed on June 13, 2007.

scheduling, Hinojos did not have good cause to file this motion days before his scheduled deposition and then fail to appear.  The Court will deny the motion and award the Defendants certain expenses and remedies.

## PROCEDURAL BACKGROUND

On March 9, 2007, the Defendants served each Plaintiff, through counsel, with a Joint Notice to Take Deposition Duces Tecum.  See Defendants' Response to Motion for Protective Order [Doc. # 26], filed April 12, 2007 (Doc. 28)("Response").  The depositions were set for March 22 and 23, 2007.  See id. at 1-2; id., Exhibit 1, Letter from Duane C. Gilkey to James W. Klipstine, Jr. & Shane Youtz (dated March 16, 2007)("March 16 Letter").  On March 14, 2007, the assistant for the Plaintiffs' counsel called the counsel for Defendants Washington TRU Solutions, LLC ("WTS") and Westinghouse Government Environmental Services Co., LLC ("WGES") to state that the Plaintiffs' counsel would be unavailable on the scheduled dates, and to request that WTS and WGES reschedule the depositions.  See Response at 2.  The Defendants' counsel agreed to reschedule the depositions.  See March 16 Letter.  The Defendants submit that the rescheduling of the depositions required the coordination of the schedules of all attorneys involved, of the schedule for the deposition site, of the schedules of the Defendants' representatives, and each of the Plaintiffs' work schedules.  See Response at 2.  Rescheduling the depositions also required an extension of the discovery deadline.  See Joint Motion to Extend Discovery Deadline, filed March 16, 2007 (Doc. 22); Order Extending Discovery Deadline to April 6, 2007, filed March 26, 2007 (Doc. 24).

Hinojos represents that, at the time the depositions were set, he was previously committed to attend his niece's wedding in Mesa, Arizona.  See Motion at 1; id., Exhibit B, Southwest Airlines Confirmation and Itinerary (dated February 16, 2007)("Itinerary").  Hinojos also asserts that his mother is unable to drive herself to the airport in El Paso, Texas to fly to the wedding and that, as

a result, he must drive her so that she may attend the wedding.  See Motion at 1.  Hinojos has submitted copies of the wedding invitation and flight itinerary for the Court's review.  See id., Exhibit A, Wedding Invitation ("Invitation"); Itinerary.  The flight itinerary shows that the travel arrangements were made on February 16, 2007.  See Itinerary.  Hinojos, therefore, was, or should have been, aware that he would be unavailable during the dates on which the Defendants rescheduled his deposition at his attorney's request.

The Defendants rescheduled the depositions for April 5 and 6, 2007, and on March 19, 2007, the Defendants served each Plaintiff, through counsel, with a Joint Amended Notice to Take Deposition Duces Tecum.  See Response at 2; March 16 Letter.  On April 3, 2007, the assistant for the Plaintiffs' counsel called the counsel for WTS and WGES -- but not the counsel for the Union Defendants -- inquiring whether the Defendants would oppose a motion for a protective order regarding Hinojos.  See Response at 2.  The assistant to the Plaintiffs' counsel called counsel for WTS and WGES to ask only whether those Defendants would oppose the motion.  See id. at 2, 3-4.  The assistant to the Plaintiffs' counsel did not provide any justification for Hinojos' expected unavailability and did not make any attempt to reschedule the deposition.  See id. at 3-4.  While the assistant for the Plaintiffs' counsel contacted the counsel for WTS and WGES before filing this motion, the Plaintiffs' counsel did not attempt to confer with the Union Defendants' counsel.  See id. at 4.

The Plaintiffs filed this motion on April 3, 2007.  See Doc. 26.  The Plaintiffs filed the motion in the evening, three days before the Hinojos deposition was scheduled.  See id.; Response at 3.  The Plaintiffs' counsel did not serve the motion on the Union Defendants.  See Response at 4.  The Plaintiffs also did not serve a notice of non-appearance.  See id. at 3.

Hinojos represents that he will be available, after the wedding, to be deposed at the Unions'

convenience.  <u>See</u> Motion at 2.  Opposing counsel, Duane Gilkey and Justin Poore, are aware of

Hinojos' motion and oppose it.  <u>See id.</u> at 2.  Hinojos requests that the Court enter an order allowing

him not to appear for his deposition on April 6, 2007.  <u>See id.</u>

   The discovery deadline -- already extended for the parties' convenience -- has passed, and,

at the time Hinojos filed this motion, the April 30, 2007 deadline to file pretrial motions was quickly

approaching.  <u>See</u> Initial Pre-Trial Report at 17, filed October 19, 2006 (Doc. 11).  Even though the

Defendants' response contained a request for sanctions, the Plaintiffs did not file a reply brief.  The

time for filing a reply has also passed.  <u>See</u> D.N.M.LR-Civ. 7.6(a)("A reply must be served within

fourteen (14) calendar days after service of the response.").

## <u>LAW REGARDING DEPOSITIONS</u>

   Rule 26(c) of the Federal Rules of Civil Procedure provides, in relevant part:

> Upon motion by a party or by the person from whom discovery is sought,
> accompanied by a certification that the movant has in good faith conferred or
> attempted to confer with other affected parties in an effort to resolve the dispute
> without court action, and for good cause shown, the court  . . . may make any order
> which justice requires to protect a party or person . . . , including . . . that the
> disclosure or discovery not be had [and] that the disclosure or discovery may be had
> only on specified terms and conditions, including a designation of the time or place
> . . . .

Fed. R. Civ. P. 26(c).  Rule 26(c) also states that "[t]he provisions of Rule 37(a)(4) apply to the

award of expenses incurred in relation to the motion."  <u>Id.</u>  Rule 37(a)(4) requires the court to order

that the moving party or the moving party's attorney pay the party opposing the motion "the

reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court

finds that the making of the motion was substantially justified or that other circumstances make an

award of expenses unjust."[2]  Fed. R. Civ. P. 37(a)(4).

Rule 30.2 of the Local Civil Rules of the United States District Court for the District of New

Mexico provides that:

> Failure of a deponent to appear at the time and place designated may be regarded as a willful failure to appear pursuant to Fed. R. Civ. P. 37(d) or contemptible conduct pursuant to Fed. R. Civ. P. 45(e),
>
>> - unless a motion for protective order and a notice of non-appearance are served at least five (5) calendar days before the scheduled deposition; or
>>
>> - if the Court finds the motion for protective order is frivolous or for dilatory purposes.

D.N.M.LR-Civ. 30.2.

## <u>ANALYSIS</u>

Hinojos' Motion for Protective Order is deficient for several reasons.  It is untimely, does

not comply with the local civil rules, and was filed without a good-faith attempt to resolve the

discovery dispute.  Moreover, the motion does not establish good cause for a protective order.

While a previously scheduled wedding might, under other circumstances, constitute good cause for

rescheduling a deposition, under the circumstances here, Hinojos knew, or should have known,

about the conflict before agreeing to the date upon which his deposition was rescheduled.

Accordingly, the Court will deny the motion and award the Defendants the expenses they incurred

in opposing the motion.

---

[2] In 1993, rule 37(a)(4) was revised such that the phrase "after opportunity for hearing" was changed to "after affording an opportunity to be heard."  Fed. R. Civ. P. 37 advisory committee's note.  This change was made to make clear that the court could consider such questions on written submissions as well as on oral hearings.  <u>See</u> <u>id.</u>

I.     **THE MOTION IS UNTIMELY AND DOES NOT COMPLY WITH THE LOCAL RULES.**

It appears that Hinojos knew about the scheduling conflict, <u>see</u> Invitation, Itinerary, but that his attorney, when rescheduling the depositions, did not.  This situation looks like a case where the Plaintiffs' attorney and each of his multiple clients were not communicating effectively.  While there does not appear to be any intentional deception involved, the failure to communicate has created a hardship for the Defendants.

Hinojos' failure to file his Motion for Protective Order in a proper and timely manner may have contributed to the Defendants' hardship.  Hinojos filed his motion so close to the scheduled deposition that neither the Court nor the Defendants could, practically, do anything about his non-appearance.  Under local civil rule 30.2, a notice of non-appearance should accompany a motion for protective order and both filings should be filed at least five days before the scheduled deposition.  <u>See</u> D.N.M.LR-Civ. 30.2.  Hinojos did not file a notice of non-appearance, he filed his Motion for Protective Order only three days before his scheduled deposition, and he did not serve his motion to all of the relevant Defendants.  <u>See</u> Response at 3-4; Doc. 26.  Hinojos' motion therefore violates the local civil rules, which carry the force and effect of law.  <u>See</u> <u>Smith v. Ford Motor Co.</u>, 626 F.2d 784, 796 (10th Cir. 1980)("[L]ocal rules of practice, as adopted by the district court, have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in appropriate manner.")(internal quotations omitted).

II.    **THE PLAINTIFFS' COUNSEL HAS NOT SHOWN GOOD CAUSE AND DID NOT CONFER IN GOOD FAITH IN AN ATTEMPT TO RESOLVE THE DISPUTE WITHOUT COURT ACTION.**

Hinojos seeks a protective order for the purposes of attending an out-of-state wedding.  <u>See</u> Motion at 1.  Hinojos provides no reason, however, for why the Defendants were notified of his

unavailability only days before the deposition, rather than at the time the deposition was rescheduled or immediately after the Defendants served notice to Hinojos of the deposition.  See Motion. Because the motion does not address those issues, the Court is not satisfied that the Plaintiffs' counsel has shown good cause for the Court to issue a protective order.  See Fed. R. Civ. P. 26(c)(authorizing the granting of protective orders where good cause is shown).  Moreover, the statement in Hinojos' motion that he will be "available at the Unions['] convenience in order to obtain deposition at another time" does not remedy the situation.  See Motion at 2.  Hinojos' failure to appear for the scheduled deposition, and failure to properly and timely file a motion for protective order and notice of non-appearance, have already caused the Defendants to suffer inconvenience and incur costs.

Further, the Plaintiffs' counsel did not confer in good faith to resolve this issue before filing the motion.  Rule 26(c) requires that the counsel for the party seeking a protective order confer or attempt to confer in good faith with the other parties in an effort to resolve the discovery dispute without court action.  See Fed. R. Civ. P. 26(c).  The Court has been given no reason to believe that the Plaintiffs' counsel conferred with or attempted to confer with the Defendants to resolve the scheduling issue.  The Plaintiffs should have made an attempt to confer with counsel for all of the Defendants before filing this motion.  See id.

Hinojos has not satisfied rule 26(c)'s requirements.  Hinojos' counsel has not shown that he made a good-faith effort to resolve the dispute before he requested court action and Hinojos has not shown good cause why he did not notify the Defendants of his unavailability more than three days before the scheduled deposition.  The Court will thus deny the motion.

### III.     THE COURT WILL AWARD THE DEFENDANTS THE EXPENSES INCURRED IN RESPONDING TO THE MOTION.

Hinojos has not shown that rule 37(a)(4)'s limited exceptions apply here.[3]  Hinojos has not submitted anything on the record that demonstrates that his Motion for Protective Order was substantially justified or that other circumstances render an award of expenses unjust.  See Fed. R. Civ. P. 37(a)(4)(providing grounds for excepting parties from the payment provision).  Therefore, because the Court finds that the Defendants are the prevailing party with regard to the Motion for Protective Order, and because rule 37(a)(4) requires that the Court order the prevailing party's expenses to be paid absent a showing of the rule's applicable exceptions, the Court will require Hinojos, his attorney, or both to pay the expenses, including attorney's fees, that the Defendants incurred in responding to this motion.  Because the Court does not know who is most responsible for the mistake on the Plaintiffs' part, the Court will allow Hinojos and his attorney to decide who should pay for the problems that their mis-communication caused the Defendants.

Further, the Plaintiffs will be responsible for the travel costs associated with deposing Hinojos.  The Plaintiffs will need to bring him to Albuquerque for his deposition at their expense or pay for one attorney for each Defendant to travel to the southeastern part of the state to depose Hinojos.  The Defendants may determine where the deposition will take place; the Defendants had planned to have corporate or union representatives available at Hinojos' April 2007 deposition and

---

[3] Hinojos has had multiple opportunities to be heard on the Defendants' request for expenses. First, the Defendants included their request for costs in response to the Motion for Protective Order, and Hinojos did not file any reply brief addressing this issue.  Second, the Corporate Defendants have also included Hinojos' willful failure to appear at his deposition as a basis for sanctions in their separate Rule 37 Motion for Discovery Sanctions.  See Defendants Washington TRU Solutions, LLC and Westinghouse Government Environmental Services Co., LLC's Rule 37 Motion for Discovery Sanctions, filed April 13, 2007 (Doc. 29).  Hinojos did not respond to that motion in any way.

they may wish to arrange the deposition so as to have them present again.  The Plaintiffs must pay for the court reporter's sitting fee, but not for the transcript.  The Plaintiffs must also pay for the Defendants' attorney's fees during travel, but not during the deposition itself.

**IT IS ORDERED** that Hinojos' Motion for Protective Order is denied.  Hinojos, his counsel, or both must reimburse the Defendants for the expenses they incurred in preparing their response. The Plaintiffs must also, in accordance with the description herein, pay certain costs associated with any future deposition of Hinojos.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

James W. Klipstine, Jr.
Julie L. Zembas
Klipstine, Bowlin & Honigmann LLC
Hobbs, New Mexico

*Attorneys for the Plaintiffs*

Duane C. Gilkey
Carol Dominguez Shay
Justin E. Poore
Gilkey & Stephenson, P.A.
Albuquerque, New Mexico

*Attorneys for Defendants Washington Tru Solutions, LLC.,*
   *Westinghouse Government Environmental Services Co., LLC*
Shane C. Youtz
Youtz & Valdez, P.C.
Albuquerque, New Mexico

*Attorneys for Defendants United Steel, Paper and Forestry, Rubber,*
   *Manufacturing, Energy, Allied Industrial and Service Workers*
   *International Union, AFL-CIO; Its Local 12-9477; Paper, Allied*
   *Industrial Chemical & Energy Workers International Union AFL-*
   *CIO; and Its Local 4-9477*