IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESS LILES, JAY FUNDERBURK,
KEVIN BENNETT, GERRY WALTON,
KERRY WILLIAMS, ROY SAVALA,
GREG ALLMAN, MIKE HINOJOS,
GENE BOLTON, TODD LORD,
DEBBIE SEIFTS, and SAUL RASCON,

        Plaintiffs,

vs.                                No. CIV 06-00854 JB/CEG

WASHINGTON TRU SOLUTIONS, LLC.,
WESTINGHOUSE GOVERNMENT ENVIRONMENTAL
SERVICES CO., LLC and UNITED STEEL,
PAPER AND FORESTRY, RUBBER, MANUFACTURING,
ENERGY, ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION, AFL-CIO;
IT'S LOCAL 12-9477; PAPER, ALLIED INDUSTRIAL
CHEMICAL & ENERGY WORKERS INTERNATIONAL
UNION AFL-CIO; AND ITS LOCAL 4-9477,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Defendants Washington TRU Solutions,

LLC and Westinghouse Government Environmental Services Co., LLC's Rule 37 Motion for

Discovery Sanctions, filed April 13, 2007 (Doc. 29)("Motion"). The Court held a hearing on this

motion on June 14, 2007. The primary issue is whether the Court should impose sanctions under

rule 37 because: (i) the Plaintiffs have failed to comply with the Court's March 27, 2007 Order, see

Doc. 25 ("March 27 Order"); and (ii) Plaintiff Mike Hinojos willfully failed to appear for his

deposition. Because the Court concludes that some sanctions are appropriate, and because the

Plaintiffs have not filed a written response to this motion, the Court will grant the motion in part and

award the Defendants certain sanctions, but will deny the motion to the extent that it requests the Court to enter judgment in favor of Defendants Washington TRU Solutions, LLC ("WTS") and Westinghouse Government Environmental Services Co., LLC ("WGES").

## PROCEDURAL BACKGROUND

The Plaintiffs' Complaint is a hybrid action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1982). See Notice of Removal at 3, filed September 12, 2006 (Doc. 1); id., Exhibit A, Complaint for Breach of Contract and for Breach of Duty to Fairly Represent. WTS and WGES filed a motion to compel discovery on January 16, 2007, see Defendants Washington TRU Solutions, LLC and Westinghouse Government Environmental Services Co., LLC's Motion to Compel Discovery, filed January 16, 2007 (Doc. 16), and a reply in support of that motion on February 9, 2007, see Defendants Washington TRU Solutions, LLC and Westinghouse Government Environmental Services Co., LLC's Reply in Support of Their Motion to Compel Discovery, filed February 9, 2007 (Doc. 18)("Reply"). The Plaintiffs did not file a response to the Defendants' motion to compel, but delivered a packet of documents that WTS and WGES contended were, and the Court deemed, deficient and non-responsive to the discovery requests of WTS and WGES. See Reply at 2-3; Memorandum Opinion and Order at 4-5, 7, filed June 12, 2007 (Doc. 44).

The Court held a hearing on the motion to compel on February 23, 2007. See Clerk's Minutes at 1, filed February 23, 2007 (Doc. 21). The Plaintiffs' counsel did not attend the hearing. See id. At the hearing, the Court granted the motion to compel in part and denied it in part. See id. Specifically, the Court ordered the Plaintiffs to "produce complete and full written and categorized responses to discovery requests," and to "pay the attorneys' fees and costs" WTS and WGES incurred in bringing their motion to compel. Order at 2, filed March 27, 2007 (Doc. 25). The Court declined to impose rule 37 sanctions at the time. See id.

After the February 23, 2007 hearing, WTS and WGES continued to attempt to obtain the requested discovery, including sending letters and making telephone calls to the Plaintiffs' counsel. See Motion at 2; id., Exhibit A, Letter from Duane C. Gilkey to James W. Klipstine, Jr. at 1 (dated March 9, 2007); Letter from Justin E. Poore to Court (dated March 2, 2007), filed April 4, 2007 (Doc. 27), Attachment A, Letter from Justin E. Poore to James W. Klipstine, Jr. at 1 (dated February 26, 2007). On April 4, 2007, the assistant for the Plaintiffs' counsel e-mailed written discovery responses for each Plaintiff with the assurance that the Plaintiffs' counsel would provide originals at the Plaintiffs' depositions. See Motion, Exhibit B, E-mail from Julie Zembas to Justin Poore and Duane C. Gilkey (dated April 4, 2007). The Plaintiffs' responses were nearly identical to one another. See Motion, Exhibit C, Supplemental Answers to Requests for Production of Documents. Of the eleven requests the Defendants made, eight were answered "[n]one," one was answered "[c]ontracts, [h]andbooks, and other documents attached," and half of the Plaintiffs attached "[w]ork history schedules" while the other half stated that "[w]ork history schedules will be disclosed as soon as [] obtain[ed]." Id.

On April 5 and 6, 2007, the attachments to the discovery responses were provided to the Defendants' counsel. See Motion at 3. At that time, however, the Plaintiffs' counsel did not provide payment for the expenses the Defendants incurred in bringing their motion to compel or address when he would do so, despite the Defendants' specific request that he bring payment with him. See id. When the Defendants reviewed the attachments to the discovery requests that they were given, it became apparent that the Plaintiffs had made twelve, or, for some documents, twenty-four, copies of the documents produced after WTS and WGES filed their motion to compel and which production was deemed deficient and non-responsive. See id. With a few exceptions, the Plaintiffs did not identify which of them produced which documents. See id.

The circumstances concerning Plaintiff Mike Hinojos' failure to attend his deposition are detailed in the Court's June 14, 2007 Memorandum Opinion and Order. See Memorandum Opinion and Order at 2-4, filed June 14, 2007 (Doc. 49)("June 14 MOO"). For purposes of this motion, it is sufficient to note that Hinojos filed his motion for a protective order in an untimely manner without filing an accompanying notice of non-appearance, as the District of New Mexico's local civil rules require, that Hinojos' counsel did not confer in good faith with the Defendants' counsel before seeking court action, and that Hinojos did not show good cause for his delay in seeking a protective order. See id. at 3-7.

Based upon the circumstances surrounding their difficulty in obtaining adequate responses to their Requests for Production and Hinojos' deposition, WTS and WGES request that the Court impose sanctions on the Plaintiffs. See id. at 4-7. WTS and WGES request sanctions pursuant to rule 37(b)(2)(D) of the Federal Rules of Civil Procedure -- contempt of court -- with regard to the Plaintiffs' obligation to pay the attorney's fees the Defendants incurred in bringing their motion to compel. See June 14 MOO at 4-5. WTS and WGES contend that the imposition of the sanctions suggested in rules 37(b)(2)(A), (B), or (C) would remedy the Plaintiffs' discovery failures. See June 14 MOO at 4-7.

The Plaintiffs did not file a response to the Defendants' Rule 37 Motion for Discovery Sanctions. On May 23, 2007, WTS and WGES filed a notice of completion of briefing, see Notice of Completion of Briefing Regarding Defendants Washington TRU Solutions, LLC and Westinghouse Government Environmental Services Co., LLC's Rule 37 Motion for Discovery Sanctions [Doc. 29], filed May 23, 2007 (Doc. 36), and the Court held a hearing on the Defendants' motion for discovery sanctions on June 14, 2007, see Clerk's Minutes at 1, filed June 15, 2007 (Doc. 51). At the June 14, 2007 hearing, the Plaintiffs' counsel did not voice opposition to the rulings and

-4-

remedies outlined in this opinion and order.  <u>See</u> Hearing Transcript (taken June 14, 2007).

### LAW REGARDING DEPOSITIONS AND RULE 37 SANCTIONS

Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes the court to impose various sanctions upon a party for failure to comply with "an order to provide or permit discovery," including: (i) ordering that the matters at issue be taken as established; (ii) precluding the noncompliant party from supporting or opposing the matters at issue; (iii) striking the relevant pleadings, dismissing the action, or entering a default judgment; and (iv) treating the failure as contempt of court.  Fed. R. Civ. P. 37(b)(2)(A)-(D).  "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916, 920 (10th Cir. 1992).  Dismissal of an action is "an extreme sanction" that is appropriate only if there has been "willful misconduct."  <u>Id.</u>

District of New Mexico Local Rule 30.2 provides:

Failure of a deponent to appear at the time and place designated may be regarded as a willful failure to appear pursuant to Fed. R. Civ. P. 37(d) or contemptible conduct pursuant to Fed. R. Civ. P. 45(e),

- unless a motion for protective order and a notice of non-appearance are served at least five (5) calendar days before the scheduled deposition; or

- if the Court finds the motion for protective order is frivolous or for dilatory purposes.

D.N.M.LR-Civ. 30.2.  Under rule 37(d) of the Federal Rules of Civil Procedure, if, after being served proper notice, a party fails to appear for a deposition, the court may, on motion, "make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b) of this rule."  Fed. R. Civ. P. 37(d).  Rule 37(d) also authorizes the court to require the party failing to appear for a deposition, or that party's

attorney, or both to pay the "reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Id.

## ANALYSIS

The Plaintiffs have not filed a response in opposition to this motion. Moreover, the Plaintiffs, their attorney, or both have failed to comply with all aspects of the Court's March 27, 2007 Order concerning discovery. Additionally, Hinojos willfully failed to appear at his deposition. These discovery violations warrant sanctions under rule 37, but not sanctions as severe as those the Defendants request.

## I.   THE PLAINTIFFS HAVE CONSENTED TO THE GRANTING OF THIS MOTION.

"The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). A party has fourteen days from the date a motion is served upon it in which to serve a response. See D.N.M.LR-Civ. 7.6(a). To be timely, the Plaintiffs needed to have submitted their response to the Defendants' motion for sanctions by the end of April. See Doc. 29; D.N.M.LR-Civ. 7.1(b) & 7.6(a). Because the Plaintiffs did not file a response to this motion, let alone one within the time allotted for doing so under local civil rule 7.6(a), the Court could grant this motion as unopposed. See D.N.M.LR-Civ. 7.1(b). Nevertheless, because the Plaintiffs appear to have difficulty responding to motions and discovery requests, and trouble communicating effectively with their counsel, the Court will independently review this motion on the merits. See June 14 MOO at 2-4; Memorandum Opinion and Order at 2, 4, filed June 13, 2007 (Doc. 45); March 27 Order at 2.

**II.   THE COURT WILL SANCTION THE PLAINTIFFS FOR UNJUSTIFIABLY FAILING TO COMPLY WITH THE COURT'S DISCOVERY ORDER.**

The Plaintiffs have not complied with the Court's March 27, 2007 Order, requiring that they produce complete, written, and categorized discovery responses, and that they pay attorney's fees. See Motion, Exhibit C; Motion at 3.  The Plaintiffs have had sufficient time to comply with the Court's order and have offered no excuse for not doing so.  Sanctions are thus appropriate, and the Court will impose sanctions.

**III.   THE COURT WILL SANCTION THE PLAINTIFFS, BUT NOT IN THE WAY THAT THE DEFENDANTS REQUEST.**

While WTS and WGES contend that the Plaintiffs' failure to comply has materially prejudiced their ability to defend against the Plaintiffs' allegations, the Court cannot determine that prejudice from this record.  It is true that the Plaintiffs have failed, in a few remaining cases, to identify, with precision, the documents that each has produced.  While the Plaintiffs' responses violate the Court's order to categorize the documents produced, and represent an improper way of conducting discovery, the Court has difficulty determining how the Plaintiffs' inadequate presentation has handicapped the Defendants' case.

The Defendants submit that they have had to go through many difficulties to get the discovery they want; however, they do not point to any document that they need and do not have. Also, WTS and WGES appear to have gotten most, if not all, of what they need from the depositions that they have already taken.  Moreover, the Defendants have been able to discover enough to file a strong motion for summary judgment.  See Defendants' Joint Motion for Summary Judgment, filed April 30, 2007 (Doc. 31).

Indeed, WTS and WGES assert that they have no desire to prolong this litigation to obtain adequate responses to five-month old discovery requests.  See Motion at 4-5.  Thus, the Court is

concerned that, while there have been discovery violations, they are not as material as they may appear, and that the Defendants may not have been prejudiced in a way that damages their defense. Accordingly, the difficulty with this motion is in making certain that the Court impose rule 37 sanctions against the Plaintiffs that are just.

Pursuant to rule 37(b)(2)(A), the Court may order that the facts "be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order." Fed. R. Civ. P. 37(b)(2)(A). Under rule 37(b)(2)(B), the Court may refuse to permit the Plaintiffs "to support or oppose designated claims or defenses . . . ." Fed. R. Civ. P. 37(b)(2)(B). WTS and WGES argue that, based on the Plaintiffs' deficient Supplemental Answers, the Court should prohibit the Plaintiffs from supporting their claims against the Union Defendants for breach of the duty to represent or their claims for damages. See Motion at 5. Additionally, the Defendants ask the Court to prohibit the Plaintiffs from opposing the Defendants' statute of limitations defense. See id. In their motion for sanctions, WTS and WGES also submit an argument for dismissing the Plaintiffs' claims with prejudice. See id. at 5-6.

The Court begins its examination with the request for the most drastic remedy -- dismissal. The Court believes that dismissal with prejudice or default judgment would be excessive here, especially given that the Plaintiffs have produced something in response to the Court's order and have attempted to categorize some documents. The facts of this case do not indicate that dismissal or default judgment are appropriate sanctions. Without a stronger showing of prejudice on the part of the Defendants, the Court is reluctant to toss out the Plaintiffs' case, particularly when the discovery issues complained of appear to be the result of the Plaintiffs' counsel's neglect rather than intentional and willful abuse. See Ehrenhaus v. Reynolds, 965 F.2d at 920 (stating that the sanction of dismissal is only appropriate if the abusing conduct was committed willfully).

-8-

Further, the Court is concerned that the other sanctions the Defendants suggest may have the same practical effect on the Plaintiffs' action as dismissal or default judgment.  To prevail in this case, the Plaintiffs must prove both that WTS and WGES breached their contract, and that the Union Defendants breached their duty of fair representation.  See Considine v. Newspaper Agency Corp., 43 F.3d 1349, 1357 (10th Cir. 1994).  Thus, if the Union Defendants' defenses regarding the breach of the duty of fair representation claim are established via sanction pursuant to  rule 37(b)(2)(A), the Plaintiffs cannot prevail.  The same result would occur if, pursuant to a sanction imposed under rule 37(b)(2)(B), the Plaintiffs were not permitted to support their claim for breach of the duty of fair representation or oppose the Defendants' statute of limitations defense.  Thus, the Court finds that applying the sanctions that rules 37(b)(2)(A) and (B) authorize would be as inequitable as eliminating the case under rule 37(b)(2)(C).  The Court will not enter an order of dismissal or default judgment, nor will the Court enter one of the lesser, but effectively identical, dismissal sanctions that rules 37(b)(2)(A) and (B) authorize.

The Court will, however, preclude the Plaintiffs from introducing any documents that they have not already produced and that the Defendants do not already have.  In other words, the Plaintiffs' document case is frozen.  While this remedy does not provide the Defendants the strategic victory that they request, this sanction keeps the Plaintiffs from benefitting any further from their deficient performance during discovery.

The Plaintiffs have not complied with the Court's order to pay attorney's fees.  The Court believes that this failure deserves a separate response.  The Court will require that the Plaintiffs and their counsel appear personally on June 25, 2007, at 10:00 a.m. in Albuquerque, New Mexico to show cause why the fees have not been paid if they do not pay the fees and costs ordered in the Court's March 27, 2007 Order before that date.  The Court will not vacate this hearing except upon

proof of payment from the Defendants.

## IV.   <u>HINOJOS WILLFULLY FAILED TO APPEAR AT HIS DEPOSITION.</u>

While the Defendants have used Hinojos' failure to appear for his deposition as another basis for the rule 37 sanctions they request, the Court has already outlined the appropriate remedy for that discovery problem in its June 14, 2007 Memorandum Opinion and Order.  <u>See</u> Doc. 49.  The Court sees no reason to use Hinojos' failure to appear for his deposition as a basis for further sanctions or to grant additional relief in this motion.  While the Hinojos situation seems to help explain what is going on between the Plaintiffs' counsel and his multiple clients, the Court believes that it has adequately addressed Hinojos' deposition issue, and will not sanction him or his counsel further for the problems his failure to appear has caused.

**IT IS ORDERED** that Defendants Washington TRU Solutions, LLC and Westinghouse Government Environmental Services Co., LLC's Rule 37 Motion for Discovery Sanctions is granted in part and denied in part.  The Court will award WTS and WGES the costs and attorney's fees they incurred in preparing, filing, and arguing this motion.  The Court will also preclude the Plaintiffs from using in hearings, filings, or at trial any document that they have not already produced to the Defendants or that the Defendants do not already possess.  The Plaintiffs and their counsel shall appear personally on June 25, 2007, at 10:00 a.m., in Albuquerque, to show cause why they should not be held in contempt for failure to pay the fees and costs that the Court ordered them to pay in its March 27, 2007 Order.  The Court will vacate this hearing, and the Plaintiffs and their counsel will be excused from attending the hearing, only on certification from the Defendants that the fees and costs have been paid as ordered.

UNITED STATES DISTRICT JUDGE

*Counsel*:

James W. Klipstine, Jr.
Klipstine, Bowlin & Honigmann, LLC
Hobbs, New Mexico

      *Attorneys for Plaintiffs*

Duane C. Gilkey
Carol Dominguez Shay
Justin E. Poore
Gilkey & Stephenson, P.A.
Albuquerque, New Mexico

      *Attorneys for Defendants Washington TRU Solutions, LLC*
        *and Westinghouse Government Environmental Services Co., LLC*

Shane Youtz
Youtz & Valdez, P.C.
Albuquerque, New Mexico

      *Attorneys for Defendants United Steel, Paper and Forestry, Rubber,*
        *Manufacturing, Energy, Allied Industrial and Service Workers*
        *International Union, AFL-CIO; Its Local 12-9477; Paper, Allied*
        *Industrial Chemical & Energy Workers International Union AFL-*
        *CIO; and Its Local 4-9477*